Per Curiam.

This court allowed plaintiff’s motion to certify for the purpose of reviewing the conclusion indicated by the opinion of the Court of Appeals that parol evidence was admissible to show that plaintiff and defendant did not intend paragraph 8 of the agreement of March 1944 to provide for conveyance of the *34 two parcels of coal which, plaintiff seeks to secure by this action.
However, after consideration of the record, we are of the opinion that it is necessary to affirm the judgment of the Court of Appeals, regardless of any views which members of this court might have with respect to that conclusion of the Court of Appeals.
Throughout these proceedings, defendant has raised the defense of laches. The journal entry of the Court of Appeals finds generally for the defendant. Therefore, if there is substantial evidence to support a finding for defendant on the defense of laches, this court would ordinarily not disturb a judgment of the Court of Appeals which could be based upon such a finding, even if it did disagree with the reasons given in the opinion of the Court of Appeals.
There is more than enough evidence in the record to sustain a conclusion that laches of the plaintiff should bar the relief which plaintiff seeks.
Sometime prior to October 5, 1944, plaintiff requested defendant to convey to plaintiff under paragraph 8 of the March 1944 contract two other parcels of coal aggregating about 160 acres in section 13 of Bearfield township, Perry county, on the ground that plaintiff was entitled to purchase them under paragraph 8 of that contract. Defendant complied with that request and contractual arrangements were made under which plaintiff agreed to pay $40 per acre for those two parcels in seven annual installments, the last of which was to be made, as in the case of the contract of March 1944, on April 1, 1950.
. In answer to an inquiry on behalf of plaintiff with respect to the two parcels involved in the instant case, an officer of defendant wrote to plaintiff’s attorney in January 1946, as follows:
“* * * We find that these two parcels were retained by us at the time we .made the former sales because it *35 was necessary to own these two parcels in order +o have a proper access to our acreage near Sayre. * * *
“* * * we will sell our entire acreage to Mr. Jones [president of plaintiff] but it would have to be at a much larger price than we fixed at the former sales. # * #
“If he is interested, I suggest that no time be lost because there is a very active interest in this tract of coal * *
In September 1948, plaintiff’s attorney wrote to this officer of defendant as follows, reference to Mr. Jones being to the president of plaintiff:
“The coal lands which your company owns, and which would be available possibly to the Misco mine are as follows:
“140 acres in section 14 (which is south of the Misco entry, and which Mr. Jones claims you contracted to. sell to him)
“640 acres in section 24
“225 “ “ “ 25
“300 “ “ “ 23
“40 “ “ “ 26
which would make in excess of 1,345 acres.
“Please advise whether or not you are interested in selling this land and the price, bearing in mind that our friend Jones still claims that you have contracted to sell him the 140 acres above referred to.”
Legal proceedings for specific performance of the alleged contract with respect to the two parcels of coal in dispute were first instituted in November 1951.
If we should infer.from its opinion that the..Court of Appeals did not consider the question of laches, notwithstanding its general finding for defendants in its journal entry, we find in its unanimous opinion the statement that it concludes ‘ ‘ from all the evidence that the parties had definite knowledge at the time of the written agreement [of March 1944] that the defend *36 ants owned the disputed acreage [and] that the defendants did not intend to include said lands in the contract.”
When it is further considered that the contract of March 1944 specifically provides for annual payments to be concluded in April of 1950, that payments for all the parcels described in the schedule to that contract were made by then, that the October 1944 contract with respect to two omitted parcels in section 13 contains similar provisions, that payments for those parcels were likewise made within that time, and that deeds for all those parcels were executed and delivered in substantial accordance with the time provisions in the March 1944 contract and that similar supplemental contract with respect to the two additional parcels in section 13, it is difficult to understand why a court of equity should now give plaintiff specific performance of the March 1944 contract with respect to the two parcels involved in the instant case. Plaintiff instituted no legal proceedings to enforce its claimed rights with respect to those parcels until November 1951, seven and one-half years after the contract of March 1944, six and one-half years after the second of the seven equal annual installments of the sales price for parcels to be conveyed under that contract was to have been paid thereunder, and about one and one-half years after that contract had apparently been completely executed.

Judgment affirmed.

Middleton, Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.